[No. B001215. Second Dist., Div. Four. July 12, 1984.]

CITY OF EL MONTE, Cross-complainant and Respondent, v.
TOSHIHISA TAKEI, Cross-defendant and Respondent;
BRUGGEMAN, SMITH & PECKHAM et al.,
Real Parties in Interest and Appellants.

## COUNSEL

Bruggeman, Smith & Peckham, Steven K. Beckett and George Bruggeman, Jr., for Real Parties in Interest and Appellants.

Burke, Williams & Sorensen and Brian A. Pierik for Cross-complainant and Respondent.

No appearance for Cross-defendant and Respondent.

## OPINION

**MUNOZ, J.**\*—This is an appeal from the order of the Los Angeles Superior Court imposing sanctions of $750 on each appellant for failing to appear

---

\*Assigned by the Chairperson of the Judicial Council.

at a mandatory settlement conference as required by the Los Angeles Superior Court Civil Trials Manual, rule 11. We affirm the imposition of sanctions, but reverse for a hearing to determine the proper amount. Appellants, Bruggeman, Smith & Peckham (attorneys), and Mutual Protection Trust Cooperative of American Physicians, Inc. (carrier), are the attorneys and insurance carrier respectively for Dr. Toshihisa Takei who is a cross-defendant in a personal injury action.

The original action was filed by the plaintiff, William Jett, against the City of El Monte in October, 1979. On or about November, 1982, the City of El Monte was granted permission to file a cross-complaint against Dr. Takei and Intercommunity Medical Center, Inc. That complaint, which alleged Dr. Takei had engaged in medical malpractice, was filed on December 23, 1982.

On January 25, 1983, Intercommunity Medical Center, Inc., filed its answer and also filed a cross-complaint against El Monte. A mandatory settlement conference was set for February 8, 1983, but on that date it was continued until February 28, 1983. On February 28, 1983, the matter was continued on the request of attorneys so that they could become familiar with the case and be in a position to talk about possible settlement. A trial date of June 27, 1983, was set.

On May 31, 1983, attorneys appeared but notified the court they had told carrier not to be present because attorneys felt it would be a waste of time. Neither attorneys nor carrier notified opposing counsel of this fact, nor had attorneys requested permission from the court for carrier's absence.

At that time, the court continued the mandatory settlement conference until the trial date and imposed the sanctions on attorneys and carrier.

California Rules of Court, rule 217, provides: "The failure of any person to prepare reasonably for, appear at, or participate in good faith in a pretrial, trial setting or settlement conference as required by these rules or by local rules or order of the court, unless good cause is shown for that failure, is an unlawful interference with the proceedings of the court; and in addition the court may order the person at fault to pay the opposing party's reasonable expenses, and counsel fees, and may order an appropriate change in the calendar status of the action."

The Los Angeles Superior Court in its civil trial manual has published written policies pertaining to pretrial settlement conferences. These policies have been published and the legal profession is aware that these are

requirements and not guidelines. Thus, they are enforceable as general court rules. (*Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499 [120 Cal.Rptr. 176].)

▮ Appellants argue that since rule 11[1] of the Los Angeles Superior Court rules states that all parties *should* be present, the presence of the various parties is discretionary. However, this argument overlooks the first part of rule 11 which provides: "Unless expressly excused for good cause by the judge with notice thereof given in advance to adversaries by the party requesting such excusal, . . . ." The rule also sets forth a procedure for notifying the court and requesting an excused absence and then sets forth a time frame within which to make requests for excused absences.

Appellants argument also ignores the realities of the legal system. In some larger metropolitan areas, such as Los Angeles, the backlog of cases had reached a crisis level even though everyone knows that most of those cases will be settled prior to trial. Settlement conferences have become so important that some courts are designated settlement courts and the judges assigned to those courts have no assignment other than to try to settle as many cases as they can. Obviously, the only way that a court can run any kind of meaningful settlement conference is to require the parties to appear and try to settle the case. ▮ Although the court may not force a litigant to settle, it may nonetheless order him to appear and at least engage in the settlement negotiations. (*Wisniewski* v. *Clary, supra,* 46 Cal.App.3d at p. 505.) ▮ Rule 11, its wording, and the reason for the rule all compel the same conclusion—it is mandatory that all of the people mentioned in rule 11 attend the mandatory settlement conference.

---

[1]In relevant part, rule 11 states: "Unless expressly excused for good cause by the judge with notice thereof given in advance to adversaries by the party requesting such excusal, all persons whose consent is required to effect a binding settlement should be personally present at a mandatory settlement conference. Included among such persons are:

" . . . . . . . . . . . . . . . . . . . . . . . .

"(2) an authorized representative of any insurance company which has coverage involved in the case; and

" . . . . . . . . . . . . . . . . . . . . . . . .

"Such persons should have full authority to make decisions and negotiate concerning the case.

"Any request to the court to excuse attendance of any such person should be made in writing, not later than five days before the date set for the mandatory settlement conference, with copies to adversaries. A person excused by the court should be available for telephone communication with counsel and the court at the time set for the mandatory settlement conference.

"Counsel for all parties appearing in the action should attend the conference and be intimately familiar with the pertinent available evidence involving both liability and damages. Such counsel should be prepared to discuss the case in depth and, except for good cause shown, should be the attorneys who intend to try the case.

"Plaintiff's counsel should ascertain whether there are liens which bear on a potential settlement and, if so, request the claimants or their representatives to attend the conference or be available for telephone communications during the conference."

■   Appellants next argue that sanctions could not be imposed against both carrier and attorneys. This argument overlooks the fact that rule 217 provides the court "may order the person at fault" to pay the opposing party's reasonable expenses and counsel fees.

■   Appellants also argue that under the facts of this case, it was an abuse of discretion for the court to impose sanctions. The facts reveal the case was continued from February 28 to May 31 at the request of attorneys. The reason given by attorneys was that carrier had a cumbersome means of determining the amount that should be paid in any given case. On that date, attorneys notified the court the 90 days the trial court had continued the case had not been sufficient to make this determination and therefore more time would be needed.

The trial court having heard attorneys' explanation made the following comments:

"THE COURT: It was originally set for the 8th—oh, your firm was here that day. So, I mean, this is a third round. And so at your request I put this thing over ninety days and you would definitely be in a position to talk about this case.

"But in effect what you have done, you and your clients have stuck your head in the sand. You admitted to me in chambers that you told your claims guy not to show up. And then you further admitted to me that even if he did show up, he didn't have any authority, and the only authority is some committee of this company that meets on June 7th and hasn't had time to review the case, and that you're not prepared and a bunch of other sad stories that are just absolutely bunk.

"Do you want to respond before I impose sanctions?"

After hearing attorneys' explanation, the court went on to further state:

"THE COURT: You didn't tell anybody else about it, counsel. You see, that's the thing that sticks in my craw. If this was—I don't believe you. I think you're giving me a big snow job, because I don't think you people have the slightest intention of ever paying a nickel on this, if you want my honest to God opinion.

"But you could have—at least you could have said we kick over this mandatory until after this June 7th meeting, but you didn't have the courtesy to inform other counsel of that, or the court.

"I mean, you have just tailored your story to fit the facts here. I think this is the most reprehensible type of bad faith. I think you, your company, has some potential liability. The fact they can probably settle this thing for an insignificant amount, in terms of the contribution, is ridiculous, plus the fact they may be facing an independent lawsuit from the plaintiff here on which they are going to have to spend money.

"It is one of the most outrageous episodes I have encountered in terms of trying to get something settled. So I am going to sanction your law firm $750, and the Cooperative of American Physicians $750. That is to be paid within forty-eight hours. If not paid, the City of El Monte's motion may be brought on to strike the Answer of the cross-defendant.

"Another thing is, of course, which is really kinda ancillary to it, the doctor has to be talked to about getting his consent, that has never even been approached."

Considering the deliberate noncomplaince with rule 11, and the fact the case had been continued for more than 90 days so that counsel could be prepared, the trial court's actions in imposing sanctions was not an abuse of discretion.

■ However, we must reverse for a hearing to determine the actual costs imposed. In imposing sanctions, the trial court did not make any findings as to the actual costs incurred by the opposing parties, but instead merely imposed $750 sanctions against both carrier and attorneys. Under either rule 11 or rule 217, sanctions are limited to the opposing party's reasonable expenses and counsel fees. The trial court was limited to this amount, whether it was more or less than the sum actually awarded. (*Baugess* v. *Paine* (1978) 22 Cal.3d 626, 637 [150 Cal.Rptr. 461, 586 P.2d 942].)

That portion of the order imposing sanctions in the amount of $750 against both attorneys and carrier is reversed, and the trial court is ordered to hold a hearing and impose new sanctions not inconsistent with this opinion.

Respondents are to recover their costs on this appeal.

McClosky, Acting P. J., and Arguelles, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 3, 1984.