[No. B050575. Second Dist., Div. Five. June 28, 1990.]

JAMES CRAIG MACKEY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Overland, Berke, Wesley, Gits, Randolph & Levanas, Dean R. Gits and Kathleen C. Caverly for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

Ira Reiner, District Attorney, Donald J. Kaplan and Patrick D. Moran, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

TURNER, J.—Petitioner seeks a writ of mandate directing the respondent court to honor his peremptory challenge under Code of Civil Procedure, section 170.6. Reaffirming our decision in *People* v. *Superior Court* (*Hall*) (1984) 160 Cal.App.3d 1081, 1084-1086 [207 Cal.Rptr. 131], we hold that a

case assigned by a municipal court magistrate to a particular superior court department under a direct calendaring system is subject to the "10-day/5-day" rule of section 170.6.[1] The petition is therefore granted.[2]

## FACTS

After a preliminary hearing, petitioner was held to answer on felony charges and the magistrate set his arraignment for May 3, 1990, in department F of the east branch (Pomona) of the Los Angeles Superior Court. At petitioner's arraignment (his first appearance in Department F), Judge Robert Gustaveson, who normally presides in that department, scheduled a pretrial conference for May 31, 1990, and trial for June 13, 1990.

On May 24, 1990, petitioner filed a declaration pursuant to section 170.6 as to Judge Gustaveson, who rejected the challenge as untimely because it was not filed within 10 days of arraignment. In so doing, the court relied on a 1989 amendment to section 170.6, which provides: "If directed to the trial of a cause which has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance." (§ 170.6, subd. (2).) The court, expressing the consensus of the judges in the east branch of the superior court, took the position that this amendment was applicable to criminal cases assigned from municipal court to a particular superior court department under a "direct calendaring" system.

## DISCUSSION

 In *People* v. *Superior Court (Hall)*, *supra*, 160 Cal.App.3d at pages 1084-1086, we rejected the position espoused by the respondent court here. In *Hall*, as in this case, the defendant's case was assigned by a magistrate to a particular superior court department under a direct calendaring system whereby the judge normally assigned to that department would, barring unforeseen circumstances, preside over all matters in the case, including trial. We held that an assignment to a particular department was not, as the

---

[1] Section 170.6, subdivision (2), states in pertinent part: "Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date." All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] On June 14, 1990, we notified all parties of our intention to issue a peremptory writ in the first instance, providing all parties with the opportunity to file a response to the petition. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Both the People and the respondent court have submitted letters indicating they do not oppose the issuance of the writ.

superior court contended, an assignment "for all purposes," and that a peremptory challenge pursuant section 170.6 was subject to the so-called "10-day/5-day" rule of that section. In the *Hall* case, the People's peremptory challenge was timely filed 11 days before the date set for trial. The recent amendment to section 170.6, upon which the respondent court relied, does not affect the holding of *Hall* that matters assigned to a particular *department,* rather than a particular judge, are subject to the 10-day/5-day rule.[3] In the present case, petitioner filed his peremptory challenge under section 170.6 on May 24, 1990, 20 days before the date set for trial. The challenge was therefore timely.

### DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of May 31, 1990, rejecting petitioner's peremptory challenge pursuant to section 170.6 as untimely filed, and enter a new and different order in accordance with the views expressed in this opinion.

This opinion is made final forthwith as to this court.

Lucas, P. J., and Ashby, J., concurred.

---

[3] The 1989 amendment was a legislative response to *Woodman* v. *Superior Court* (1987) 196 Cal.App.3d 407, 412-415 [241 Cal.Rptr. 818], in which the court held that a challenge to a *judge* assigned for all purposes was subject to the "master calendar" rule of section 170.6, which would require a party to file the challenge at the time the assignment is made. The 1989 amendment to section 170.6 allows the challenge to be filed within 10 days from the first appearance before that judge, rather than immediately upon assignment.