[No. B054712. Second Dist., Div. Five. Apr. 4, 1991.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
RAY GONZALES, Real Party in Interest.

[No. B056223. Second Dist., Div. Five. Apr. 4, 1991.]

In re RAY GONZALES on Habeas Corpus.

COUNSEL

Ira Reiner, District Attorney, Donald J. Kaplan and Robert W. Carney, Deputy District Attorneys, for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick W. Bennett, Assistant County Counsel, for Respondent.

David W. Kwan and David V. Herriford for Real Party in Interest.

OPINION

**BOREN, J.—** ■ The People seek a writ of mandate directing the respondent court to honor their peremptory challenge under Code of Civil Procedure section 170.6.

In *People* v. *Superior Court (Hall)* (1984) 160 Cal.App.3d 1081 [207 Cal.Rptr. 131], we held that for purposes of Code of Civil Procedure section 170.6, the assignment of a case to a particular department, rather than to the judge assigned to that department, was not an assignment to a judge "for all purposes," but was subject to the "10-day/5-day rule" set forth in subdivision (2) of that section.[1] In *Mackey* v. *Superior Court* (1990) 221 Cal.App.3d 1124 [270 Cal.Rptr. 905], reaffirming *Hall*, we held that the "10-day/5-day rule" applied to criminal cases assigned from municipal court to a particular superior court department under a "direct calendaring" system.

On August 16, 1990, in direct response to *Mackey*, the superior court issued a "Statement of Policy for the Central District Criminal Departments of the Los Angeles Superior Court." The statement, issued on superior court letterhead and signed by the supervising judge of the court's criminal division, was "widely disseminated" (to use the court's words), including publication in local legal newspapers. The statement declared that all criminal calendar departments of the central district were designated as "direct calendar courts," and it listed the judges presiding in those departments. The statement continued: "In order to be timely, a challenge pursuant to C.C.P. Section 170.6(2) must be filed within ten (10) days of the defendant's first appearance in the direct calendar court."

The statement of policy was in effect when the case of People v. Ray Gonzales, which had commenced in the court of Judge Roosevelt Dorn on April 10, 1990, was set for trial. After a number of continuances, the matter was continued for trial until December 5, 1990. On November 30, the People attempted to file a peremptory challenge to Judge Dorn.

On December 3, 1990, the court conducted a hearing on the issue of whether the challenge was timely. The court stated it was "very familiar" with *Mackey*, but that *Mackey* had "no bearing on this case" because of the aforementioned superior court policy statement.

---

[1] Section 170.6, subdivision (2), states in pertinent part: "Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date." Statutory references are to the Code of Civil Procedure unless otherwise indicated.

In fact, this case is controlled by *Mackey* and it is the superior court policy statement which has no bearing. Giving the superior court the benefit of the doubt, we assume the policy statement was intended to have the force and effect of a local rule.[2] Local Rules are expressly authorized by Government Code section 68070, which provides in pertinent part: "Every court may make rules for its own government and the government of its officers *not inconsistent with law* or with the rules adopted and prescribed by the Judicial Council." (Italics added.) The policy statement in issue here is contrary to this court's interpretation of section 170.6 in *Mackey* and is therefore "inconsistent with law." Accordingly, the statement violates Government Code section 68070.

Respondent court contends that its policy statement is consistent with similar provisions of its Trial Court Delay Reduction Rules (Super. Ct. L.A. County Rules, ch. 11) upheld in *Lawrence* v. *Superior Court* (1988) 206 Cal.App.3d 611 [253 Cal.Rptr. 748] [upholding project rule 1104.1, requiring challenge to individual calendar judge within 10 days after a party receives notice of the assignment of a case to such judge] and *Beverly Union Co.* v. *Superior Court* (1988) 206 Cal.App.3d 40 [253 Cal.Rptr. 359] [holding that counsel have a professional responsibility to be aware of duly adopted local rules].

These rules were adopted under the authority of and in accordance with the provisions of the Trial Court Delay Reduction Act of 1986 (the Act) (Gov. Code § 68600 et seq.). The Act permits judges in each county who are participating in a trial delay reduction program to "develop, and publish the procedures, standards, and policies which will be used in the program, including time standards for the conclusion of all critical steps in the litigation process . . ." (Gov. Code, § 68612.) "[A] project rule, duly adopted under the mandate of Government Code section 68612, and not expressly prohibited thereby, which either imposes a procedural requirement not authorized by statute or shortens the time specified by statute for performance of an act, will control, to the extent reasonably necessary to carry out and further the provisions and goals of the Act, in those cases to which the project rules apply." (*International Union of Operating Engineers* v. *Superior Court* (1989) 207 Cal.App.3d 340, 353 [254 Cal.Rptr. 782].) Thus, for example, local rule 1104.1, which imposes a procedural requirement that a peremptory challenge under section 170.6 must be made within 10 days of a party's appearance in the action, controls over contrary case law interpreting section 170.6. (*Ibid.*)

---

[2] In fact, the statement appears to have been designed more as a news release. Appearing at the top of the statement are the words "FOR IMMEDIATE RELEASE ." A telephone number is listed as the "Information Number for News Media."

The "Fast Track" rules to which the respondent court refers apply to selected civil cases only. The respondent court has made no showing here that a similar trial delay reduction program has been instituted for criminal cases, or that the "rule" promulgated in its policy statement was a "procedure, standard or policy" adopted under such a program. The analysis set forth in *Mackey* therefore governs this case. Hence, under the "10-day/5-day rule," the People's peremptory challenge was timely.

### *Petition for Writ of Habeas Corpus*

Defendant Gonzales, who remains in custody pending resolution of this proceeding, has filed a petition for writ of habeas corpus seeking immediate release from confinement and dismissal of the information because, during the pendency of this writ proceeding, the statutory period for bringing his case to trial (Pen. Code, § 1382) expired, and defendant did not waive his speedy trial rights. Although we sympathize with defendant's predicament, and we have expedited the proceeding in response to defendant's petition, dismissal of the information is not warranted because the People's seeking of interlocutory review of the respondent court's order constituted good cause for delay of trial beyond the statutory period provided in Penal Code section 1382. (*Marcotte* v. *Superior Court* (1976) 64 Cal.App.3d 235, 241 [134 Cal.Rptr. 314]; *People* v. *Hernandez* (1985) 166 Cal.App.3d Supp. 1, 7, fn. 3 [212 Cal.Rptr. 563].)

### *Disposition*

The People's petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the respondent court to vacate that portion of its order of December 3, 1990, rejecting the People's affidavit of prejudice as untimely filed, and enter a new and different order consistent with the views expressed in this opinion.[3] The respondent court's order of December 3, 1990, indicates that date was "Day 0 of 10" for purposes of bringing defendant to trial within the statutory time period provided in Penal Code section 1382. This time period is to resume at "Day 0 of 10" on the date the remittitur is filed in the respondent court.

Defendant's petition for writ of habeas corpus is denied.

---

[3] On December 4, 1990, we issued an order notifying the parties that we were considering the issuance of a peremptory writ in the first instance. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180-181 [203 Cal.Rptr. 626, 681 P.2d 893].) The respondent court filed opposition to the petition on December 11, 1990. The petition for writ of habeas corpus filed by defendant Gonzales on February 15, 1991, does not address the section 170.6 issues raised in the petition.

This opinion is final forthwith as to this court.

Turner, P. J., and Ashby, J., concurred.