[No. B064066. Second Dist., Div. Five. Apr. 6, 1992.]

ROBERT SHIPP, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ANNIE SHIPP, Real Party in Interest.

**COUNSEL**

Goldberg & Andrus, Jerome L. Goldberg and Michael Brourman for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

## OPINION

GRIGNON, J.—Petitioner challenges an order of respondent court denying as untimely his peremptory challenge to the assigned judge pursuant to Code of Civil Procedure section 170.6.[1] In denying the motion, respondent court took the position that the challenged judge had been assigned to the case for all purposes pursuant to a local court policy. Petitioner asserts that the assignment was not truly an all-purpose assignment, and the challenge was timely filed under the "10-day/5-day" rule of section 170.6. We conclude: (1) a local court policy can provide a valid mechanism for making an all-purpose assignment within the meaning of section 170.6; and (2) petitioner has not made a sufficient showing that the assignment was not one "for all purposes." The petition is therefore denied.

### FACTS AND PROCEDURAL BACKGROUND

Petitioner is the respondent in a dissolution of marriage action which was filed July 18, 1991, under case No. BD043175. Pursuant to the Manual of Procedures for the Family Law Department of the Los Angeles Superior Court, effective July 1, 1991, the case was assigned, upon filing, to Judge C. Bernard Kaufman "for all purposes." Petitioner's response in the action was filed on August 13, 1991.

On or about December 26, 1991, petitioner filed in the respondent court a motion to compel further answers to interrogatories (not part of the record in this proceeding). The motion originally was set for hearing on January 15, 1992. On or about December 30, 1991, petitioner filed a peremptory challenge against Judge Kaufman.

In the memorandum of points and authorities submitted in connection with the peremptory challenge, petitioner asserted that the peremptory challenge was timely filed. He asserted that under, *Reygoza* v. *Superior Court* (1991) 230 Cal.App.3d 514 [281 Cal.Rptr. 390] and *People* v. *Superior Court (Gonzales)* (1991) 228 Cal.App.3d 1588 [279 Cal.Rptr. 679], the local court policy of the family law department was ineffective to constitute an assignment for all purposes within the meaning of section 170.6. Petitioner presented no under-oath evidence in connection with his peremptory challenge,

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

either orally or in writing. On January 15, 1992, the court issued its ruling denying the peremptory challenge as untimely. This petition followed.

## DISCUSSION

The Manual of Procedures for the Family Law Department of the Los Angeles County Superior Court[2] provides that dissolution actions are assigned to a family law direct calendar department "and to the judicial officer assigned to the department according to the last two digits of the action number, for all purposes, unless otherwise provided by these rules throughout the life of the action including those cases now on file as well as those to be filed, unless otherwise assigned to another department by these rules or order of court . . . . The last two digits corresponding to the various departments and to the judicial officer assigned thereto are as follows: [Case numbers ending in the digits] 66-75 [are assigned to] Department 43, Judge C. Bernard Kaufman." The Manual of Procedures further provides, "Transfer of cases from one department to another will be effected only by the Supervising Judge or his or her designee. . . . [¶] All proceedings in the actions shall be held in the department to which the case is assigned unless otherwise ordered by the court."

 "As a general rule, a motion pursuant to section 170.6 may be made at any time prior to commencement of the trial or hearing." (*People* v. *Superior Court* (*Hall*) (1986) 160 Cal.App.3d 1081, 1083 [207 Cal.Rptr. 131].) Section 170.6, subdivision (2) sets forth three exceptions to the general rule. The "master calendar" exception provides, "If directed to the trial of a cause where there is a master calendar, the motion[3] shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial." The "10-day/5-day" exception provides that, "Where the judge, other than a judge assigned for all purposes, . . . assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date."

The third exception, the "all-purpose judge" exception, was added to section 170.6 in 1989, effective January 1, 1990. It provides, "If directed to the trial of a cause which has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all-purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the

---

[2]Petitioner concedes he is aware of these court rules.

[3]"[A]n oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge . . . is prejudiced . . . ."

appearance." ■ Although section 170.6 does not actually define an "assignment to a judge for all purposes," case law tells us that the purpose of such an assignment is to expedite litigation by permitting one judge to handle an entire case from start to finish, acquiring an expertise regarding the factual and legal issues involved, which will accelerate the legal process. (*Augustyn* v. *Superior Court* (1988) 186 Cal.App.3d 1221, 1228 [231 Cal.Rptr. 298]; (*Zdonek* v. *Superior Court* (1974) 38 Cal.App.3d 849, 856 [113 Cal.Rptr. 669], dis. opn. of Kingsley, J.)

■ A trial court has jurisdiction to rule on the timeliness of a peremptory challenge pursuant to section 170.6. (*Woodman* v. *Superior Court* (1987) 196 Cal.App.3d 407, 415 [241 Cal.Rptr. 818] disapproved on other grounds, *People* v. *Hull* (1991) 1 Cal.4th 266 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) If the determination of timeliness involves factual questions, the trial court should hold a hearing on the factual issues. (*Ibid.*) Evidence adduced at the hearing may include the original record of the assignment of the case, the trial court's policy regarding assignment of cases, evidence of assignment policy, and evidence of the circumstances surrounding the assignment of the specific case. (*Id.* at pp. 415-416.) The party seeking to exercise a peremptory challenge against a judge has the burden of establishing that he or she comes within the provisions of section 170.6. (*Welch* v. *Superior Court* (1974) 41 Cal.App.3d 50 [115 Cal.Rptr. 729].)

■ Government Code section 68070 expressly authorizes the adoption of local court rules. (*Reygoza, supra,* 230 Cal.App.3d at p. 521.) It provides in pertinent part, "Every court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." A local court rule has the effect of a procedural statute, provided that it does not conflict with statutory law as interpreted by appellate decisions. (*Ibid.*; *Gonzales, supra,* 228 Cal.App.3d at p. 1591.) The Manual of Procedures for the Family Law Department of the Los Angeles County Superior Court is a local court policy. It is enforceable as a local court rule within the meaning of Government Code section 68070. (*City of El Monte* v. *Takei* (1984) 158 Cal.App.3d 244, 247-248 [204 Cal.Rptr. 559].) Accordingly, it is entitled to the effect of a procedural statute unless it is contrary to existing statutory law as interpreted by case law.

■ The local court policy assigns family law cases for all purposes to a specific judge sitting in a specific department. The policy requires that all proceedings in a case must be held in the assigned department unless otherwise ordered by the court. Only the supervising judge (or his or her designee) may effect transfers of cases from one department to another. The local court policy contains no provisions concerning peremptory challenges

pursuant to section 170.6. It is not inconsistent with or contrary to section 170.6 and appellate decisions interpreting the statute. The policy simply effectuates an assignment and calendaring procedure for the family law department. (Cf. *Reygoza, supra,* 230 Cal.App.3d 514; *Gonzales, supra,* 228 Cal.App.3d 1588.)

The question remains whether the assignment of cases to specific judges pursuant to the local court policy constitutes an assignment for all purposes within the meaning of section 170.6. The local court policy on its face constitutes the assignment of a family law case to a particular judge for all purposes. Thus, petitioner has the burden of establishing that the assignment is actually not an all-purpose assignment.

Here, the record establishes that a peremptory challenge was filed by petitioner on or about December 30, 1991. In his memorandum of points and authorities in support of the peremptory challenge, petitioner contended the local court policy was legally insufficient to constitute an assignment for all purposes. Petitioner presented no evidence in the form of declarations, affidavits, or sworn testimony that the all-purpose assignment was a sham or a device.[4] The record also contains a minute order finding the peremptory challenge to be untimely. Although the minute order reflects the presence of an electronic recording monitor, no transcript of any oral proceedings has been provided to this court. Apparently, no oral proceedings took place.

In the face of this total lack of evidentiary support for petitioner's position, the local court policy itself evidences a strong policy against the transferring of any matters, even routine motions, from the all-purpose judge assigned to the case. We conclude on the record before us that petitioner has not met his burden of establishing that Judge Kaufman was not in fact assigned to his case for all purposes. That being the case, petitioner was required to file his peremptory challenge to Judge Kaufman within 10 days of August 13, 1991, the date petitioner made his general appearance in the action. The peremptory challenge filed on or about December 30, 1991 was, therefore, untimely.[5]

Neither *Reygoza* nor *Gonzales* compels a different result. In those cases, the local court policy specifically provided that, "In order to be timely, a

---

[4]In a footnote of his memorandum of points and authorities, petitioner asserted that the family law department direct calendaring system was in reality an assignment to a specific department rather than to a specific judge. Petitioner provided no evidentiary support for this contention.

[5]Petitioner argues that under the family law department direct calendaring system, "cases are, in reality, assigned to a department and not to a specific judge," because one judge (not Judge Kaufman) who had been recently reassigned to a department, other than family law, did not take his cases with him. In contrast, respondent court, in its opposition to this petition, provided a declaration from Judge Kaufman to the effect that he had been "assigned to Department 43, Family Law Departments," for at least three years, expected to continue in that assignment for the "indefinite future," had handled all the dissolution matters which came

challenge pursuant to [ ] section 170.6, [subdivision] (2) must be filed within ten (10) days of the defendant's first appearance in the direct calendar court." Both courts held that the local court policy was inconsistent with section 170.6 as interpreted by *Hall, supra,* 160 Cal.App.3d 1081 and *Mackey* v. *Superior Court* (1990) 221 Cal.App.3d 1124, 1126 [270 Cal.Rptr. 905]. In *Reygoza,* respondent court admitted that its policy was adopted, "as a direct response to *Mackey.*" The *Reygoza* court found that the local court policy was not only "inconsistent with higher law, it was intended to circumvent that law." (*Reygoza, supra,* 230 Cal.App.3d at p. 521.)

Moreover, the *Reygoza* court found that the local court policy did not constitute an effective assignment of a criminal case to a specific judge for all purposes. "The [local court policy] does nothing more than attempt to override *Hall* and *Mackey.* It does not change the situation in the criminal departments whereby cases are reassigned in order to meet speedy trial deadlines. The [local court policy] does not increase the power of the judges to control their 'assigned' cases nor does it preclude a judge/department from transferring a case to another judge/department for trial. There is no indication in the policy or respondent [court]'s brief that the policy changed the practice of transferring criminal cases." (*Reygoza, supra,* 230 Cal.App.3d at p. 522.)

The *Reygoza* court observed that the nature of criminal cases makes such all-purpose assignments impractical. "For criminal cases, the overwhelming concern is with the defendant's speedy trial rights. As indicated in *Hall* and based on our own experience, in Los Angeles County Superior Court, the judge to whom a criminal case is assigned often is not the trial judge as the case has to be transferred in order to meet speedy trial deadlines." (*Reygoza, supra,* 230 Cal.App.3d at p. 522.) The *Reygoza* court continued, "[I]n criminal cases, to force a defendant to file a peremptory challenge within 10 days of his or her appearance in superior court, defeats the purpose of section 170.6 to provide the defendant a reasonable opportunity to challenge a known trial judge. A challenge made that early in a criminal case, at least in Los Angeles County Superior Court, will very likely be wasted on a judge who will not be the defendant's trial judge. . . . [¶] There is an inherent problem in applying section 170.6 to criminal cases because of the difficulty of determining a point at which there is a *known trial* judge." (*Id.* at p. 523.)

---

before him, and could not recall ever transferring a case to another judge. Petitioner presented no competent evidence in the trial court to support his argument and Judge Kaufman's declaration was not presented in the trial court. Accordingly, neither is properly before us. *Mission Imports* v. *Superior Court, Inc.* v. *Superior Court* (1982) 31 Cal.3d 921, 927, fn. 5 [184 Cal.Rptr. 296, 647 P.2d 1075; *Dupuy* v. *Superior Court* (1975) 15 Cal.3d 410, 413 [124 Cal.Rptr. 900, 541 P.2d 540]; *Fall River Joint Unified School Dist.* v. *Superior Court* (1988) 206 Cal.App.3d 431, 436-437 [253 Cal.Rptr. 587]; *Woodman* v. *Superior Court* (1987) 196 Cal.App.3d 407, 411, fn. 2 [241 Cal.Rptr. 818]; *Sequoia Pine Mills, Inc.* v. *Superior Court* (1968) 258 Cal.App.2d 65, 69-70 [65 Cal.Rptr. 353].)

Finally, in *Gonzales* the sole argument of the respondent court was that the local court policy adopted for criminal cases was consistent with similar provisions of the local court policy adopted for "Fast Track" cases. In *Gonzales*, we concluded: "The 'Fast Track' rules to which respondent court refers apply to selected civil cases only. Respondent court has made no showing here that a similar trial delay reduction program has been instituted for criminal cases, or that the 'rule' promulgated in its policy statement was a 'procedure, standard or policy' adopted under such a program. The analysis set forth in *Mackey* therefore governs this case." (*Gonzales, supra,* 228 Cal.App.3d at p. 1592.)

Unlike the circumstances in *Reygoza* and *Gonzales*, the local court policy at issue here does not involve the time for filing of peremptory challenges. Nor does respondent court argue that its local court policy is valid as a "procedure, standard or policy" adopted pursuant to "fast track" rules. Finally, there is no evidence that the local court policy here in question does not actually constitute an all-purpose assignment. Thus, the assignment to Judge Kaufman, made pursuant to a duly adopted local court policy not inconsistent with existing statutory law as interpreted by case law, is presumed to be one for all purposes unless petitioner demonstrates otherwise. Petitioner has not so demonstrated. Accordingly, we conclude respondent court did not abuse its discretion in denying the peremptory challenge as untimely. (*People* v. *Bean* (1988) 46 Cal.3d 919, 949 [251 Cal.Rptr. 467, 760 P.2d 996].)

## DISPOSITION

The petition is denied.

Turner, P. J., and Boren, J., concurred.

A petition for a rehearing was denied April 29, 1992.