Filed 5/20/26  P. v. Smothers CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BILLIE RAY SMOTHERS, JR.,<br><br>        Defendant and Appellant. | A173523<br><br>(Humboldt County<br>Super. Ct. No. CR2403514) |

After defendant Billie Ray Smothers, Jr. was convicted of assault with a deadly weapon, the trial court placed him on probation with various conditions.  On appeal, defendant challenges one of the conditions related to substance use treatment, arguing that it amounted to an unconstitutional delegation of judicial authority to the probation officer.  The Attorney General concedes the point.  The Attorney General also argues, and defendant does not contest, that the same probation condition must be modified to remove the requirement that defendant pay the cost of any treatment.  We agree that the challenged condition is invalid, and therefore remand to the trial court to strike or modify the condition.  We also direct the trial court to amend the probation order to correct a discrepancy regarding its finding on an enhancement allegation.

1

# BACKGROUND

The facts of the underlying offenses are not at issue in this appeal so we limit our summary to the relevant procedural history.

On February 11, 2025, the Humboldt County District Attorney filed an information charging defendant with assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1); count 1) and making criminal threats of violence (§ 422; count 2).  The information alleged that defendant inflicted great bodily injury in the commission of count 1 (§ 12022.7, subd. (a)), and that he used a deadly weapon in the commission of count two (§ 12022, subd. (b)(1)).  The information further alleged the following aggravating circumstances:  that the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; that defendant was armed with or used a weapon at the time of the crimes; that defendant had engaged in violent conduct that indicated a serious danger to society; and any other aggravating factors permitted by law.  (§ 1170, subd. (b)(2).)

On April 23, a jury found defendant guilty of count 1, but acquitted him of count 2.  Defendant waived the right to a jury trial on the special allegation and aggravating factors, and a court trial was held.  The trial court did not find true the allegation that defendant inflicted great bodily harm in committing count 1.  The court, however, found true the following aggravating factors: that the crime involved a threat of great bodily harm, cruelty and callousness, and that defendant was armed with a weapon.

On May 21, the court placed defendant on two years' probation with certain conditions.

Defendant appealed.

---

[1]      Undesignated statutory references that follow are to the Penal Code.

2

## DISCUSSION

Defendant challenges one of his probation conditions, condition 19, which states: "Defendant shall be screened to determine if a medical necessity for substance use disorder treatment is indicated. If treatment is indicated, defendant shall undergo a full assessment as directed by the probation officer. Defendant shall enter and successfully complete all phases of the recommended treatment program. Said assessment and program will be at their own expense." Defendant contends this condition violates the separation of powers doctrine by delegating judicial authority to the probation officer.

Preliminarily, defendant acknowledges he did not object to the probation condition below. But he argues his claim is cognizable because it is a facial constitutional challenge presenting a pure question of law that does not depend on the underlying factual record. The Attorney General agrees. As do we. (See *People v. Smith* (2022) 79 Cal.App.5th 897, 901 (*Smith*) [a "facial constitutional challenge may be considered for the first time on appeal because it does not depend on the underlying factual record"], citing *In re Sheena K.* (2007) 40 Cal.4th 875, 884–886.)

We thus address defendant's constitutional challenge on the merits, which we review de novo. (*Smith, supra*, 79 Cal.App.5th at p. 902.)

"Under the separation of powers doctrine (Cal. Const., art. III, § 3), judicial powers may not be delegated to nonjudicial officers. [Citation.] While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer." (*Smith, supra*, 79 Cal.App.5th at p. 902.) Put slightly differently, the "general rule [is] that a court may dictate the basic policy of a condition of probation, leaving

3

specification of details to the probation officer. . . . 'However, the court's order cannot be entirely open-ended. It is for the court to determine the nature of the prohibition placed on a defendant as a condition of probation.' " (*In Victor L.* (2010) 182 Cal.App.4th 902, 919.) "By leaving key determinations to be decided ad hoc, a vague probation condition may . . . result in an impermissible delegation of authority to the probation officer." (*Smith*, at p. 902.)

In *Smith*, the defendant argued that the condition requiring that she " 'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer,' " was vague, overbroad, and an improper delegation of authority. (*Smith*, *supra*, 79 Cal.App.5th at p. 902.) Our colleagues in Division Five concluded that when interpreted in the context of other conditions of the defendant's probation, the challenged condition required only "treatment for substance abuse." (*Id.* at p. 903.) So interpreted, the condition was not unconstitutionally vague or overbroad. (*Ibid.*) But *Smith* concluded that, even as narrowly interpreted to require only substance abuse treatment, the condition violated the separation of powers doctrine because it delegated to the probation officer the discretion to decide whether the defendant must attend a residential program, as opposed to an outpatient program. (*Ibid.*) *Smith* explained that "[g]iven the significant liberty interests at stake [imposed by residential placement], a court—not a probation officer—must" decide what kinds of treatment are required. (*Ibid.*; compare with *People v. Penoli* (1996) 46 Cal.App.4th 298, 307–308 [upholding a condition requiring the defendant to enter a residential drug treatment program but authorizing probation to select which residential program].)

Defendant argues that condition 19 is similar to the condition in *Smith*.

4

He maintains that the condition "gives probation the discretion to determine: 1) whether [he] must attend a drug treatment program at all; and 2) the type of program," which could include a residential treatment program. Thus, defendant contends the condition does not "simply . . . leave[ ] the details or particulars of the treatment program to probation's discretion." As a result, he argues condition 19 constitutes an improper delegation of judicial authority to the probation officer. The Attorney General concedes the point. We accept the concession.

As quoted above, condition 19 directs defendant to undergo screening to determine "if a medical necessity for substance use disorder treatment is indicated." And "[i]f treatment is indicated," the condition states "defendant shall undergo a full assessment as directed by the probation officer." The third sentence then states, "Defendant shall enter and successfully complete all phases of the recommended treatment program." The condition, as written, is somewhat confusing. It is unclear whether the trial court was mandating substance use treatment if indicated by a medical evaluation, or leaving the ultimate decision of whether to require treatment to the probation officer. But assuming the condition unambiguously required defendant to enroll in substance use treatment if indicated by an evaluation, the condition is still invalid because it leaves it to the probation officer, rather than the court, to select the type of treatment program. Under the condition, the probation officer could require defendant to attend any type or amount of treatment, including a residential treatment program. As such, we agree with the parties that condition 19 constitutes an impermissible delegation of judicial authority.

Accordingly, we remand for the trial court to either strike condition 19, or modify it to specify the type of treatment program in which defendant is

5

directed to participate, including whether it requires defendant to undergo residential treatment. (See *Smith, supra,* 79 Cal.App.5th at p. 905; *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1359.) "The court's decision may be informed by the results of any assessment and additional information provided by the parties." (*Smith*, at p. 903.)

This leads us to the Attorney General's assertion that condition 19 contains an additional defect in its final sentence: "Said assessment and program will be at their own expense." Specifically, the Attorney General argues: " 'A trial court may order a defendant to pay for reasonable costs of probation; however, such costs are collateral and their payment cannot be made a condition of probation.' (§ 1203.1b; [citations].) 'Costs of probation imposed pursuant to section 1203.1b may not be a condition of probation as the costs are collateral and the statute itself provides for enforcement of the order by civil collection.' [Citation.] Before requiring [defendant] to pay reasonable costs of probation conditions, the trial court must inquire into his ability to pay and issue a separate order for the payment of costs. (§ 1203.1b, subd. (a); [citation].)" The Attorney General contends that on remand the trial court should strike the payment requirement from condition 19 and issue a separate order for payment of such costs after determining defendant's ability to pay.

Defendant does not respond to this argument, as he elected not to file a reply brief, thus implicitly conceding the argument's merit. (Cf. *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90 [appellants "implicitly concede" respondent's argument "by failing to respond in their reply brief to the [respondent's] argument on th[at] point"]; *Reygoza v. Superior Court* (1991) 230 Cal.App.3d 514, 519 & fn. 4 [court assumed respondent's claim was correct, "since defendant did not dispute respondent's

claim in his reply"].)

We agree that the imposition of costs as part of condition 19 was invalid, but for different reasons. First, the word "their" in the sentence, "Said assessment and program will be at their own expense," is ambiguous. Second, although the Attorney General suggests that the costs were imposed under section 1203.1b, there is nothing in the record to indicate that, because the trial court did not state a statutory basis for the costs, either in the written probation order or during its oral pronouncement. This was improper. (See *People v. Eddards* (2008) 162 Cal.App.4th 712, 716 ["[A]n order of probation, like an abstract of judgment, must specify the statutory basis of each fine or fee imposed."].)

On remand, if the trial court elects to modify condition 19 to mandate treatment as discussed above and to also order defendant to pay for the costs of such treatment and/or any related assessments or evaluations, it must provide a valid statutory basis for such costs. If no valid statutory basis is provided, such costs should be stricken as unauthorized.

For guidance on remand, we note that "general costs of prosecuting and rehabilitating criminals" are not recoverable absent express statutory authority to the contrary. (*People v. Baker* (1974) 39 Cal.App.3d 550, 559–560.) Section 1203.1b—the statute under which the Attorney General suggests the costs were imposed—authorized courts to impose specific costs on probationers, including "the reasonable cost of any probation supervision," provided they have the ability to pay. (Former § 1203.1b, subd. (a); Stats. 2014, ch. 468, eff. Jan. 1, 2015.) We use the past tense of "authorized" because, operative July 1, 2021, years before defendant's sentencing, the Legislature repealed section 1203.1b and added section 1465.9. (Assem. Bill No. 1869 (2019–2020 Reg. Sess.) Stats. 2020, ch. 92, §§ 47, subd. (j), 62.)

7

Section 1465.9 provides in relevant part: "On and after July 1, 2021, the balance of any court-imposed costs pursuant to Section . . . 1203.1b [among numerous other statutes] shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a).) Thus, any costs imposed under former section 1203.1b are invalid.

Finally, we have located another discrepancy in the written probation order. The order states that "Defendant was convicted on 04/23/2025, Guilty by Jury, for the offense of violation of," which is followed by a recitation of count 1 (assault with a deadly weapon; § 245, subd. (a)(1)) and the special allegation attached to it (personal infliction of great bodily injury; § 12022.7, subd. (a)). But that statement conflicts with the trial court's oral pronouncement that, "I am *not* going to find true the allegation of great bodily harm," the basis of which the court then explained. (Italics added.) In addition, it was the court, not the jury, that decided the special allegation. Where, as here, discrepancies exist between the court's "oral pronouncement of judgment and the minute order . . . , the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The trial court should thus modify the probation order to conform to its oral pronouncement.

### DISPOSITION

The matter is remanded for the trial court to strike or modify probation condition 19 consistent with the views expressed in this opinion. In addition, the trial court shall prepare an amended probation order that contains those changes, as well as reflects its oral pronouncement that it did not find true the great bodily injury allegation under section 12022.7, subdivision (a). In all other respects, the judgment is affirmed.

8

_____

RICHMAN, J.

We concur.

_____

STEWART,  P. J.

_____

DESAUTELS, J.

(A173523N)