[No. B033944. Second Dist., Div. Five. June 22, 1988.]

CODY SWENSON et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
GREAT REPUBLIC LIFE INSURANCE, Real Party in Interest.

**COUNSEL**

Harold J. Tomin, Jay R. Stein and Suzanne Rosentswieg for Petitioners.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**BOREN, J.—** ■ In this original proceeding, petitioners claim that the five-day extension of time provided by Code of Civil Procedure section 1013, subdivision (a), applies to notice by mail of a master calendar assignment of an all-purpose judge. Petitioners, the plaintiffs below in a case subject to the Los Angeles Superior Court's Trial Court Delay Reduction Act rules, received such notice by mail and 12 days later asserted a peremptory challenge (Code Civ. Proc., § 170.6) to the assigned judge. The challenge was rejected as untimely, raising the issue before us in this proceeding: whether section 1013, subdivision (a),[1] extends by five days the time within which a peremptory challenge must be filed under the local rules. We hold that it does not.

Under the local rules promulgated by the Los Angeles Superior Court to implement the Trial Court Delay Reduction Act (Local Rules), "[a] motion

---

[1] Section 1013, subdivision (a) provides in pertinent part that service by mail "is complete at the time of the deposit [in the mail], but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California . . . ." Statutory references are to the Code of Civil Procedure unless otherwise indicated.

asserting a challenge to an I/C [Individual Calendar or all-purpose] Judge under Code of Civil Procedure section 170.6 must be made within 10 days after notice of the assignment of a case to such I/C Judge . . . ." (Local Rule 1104.1.) After receiving in the mail a "Notice of Status Conference" informing him of the name of the assigned judge, petitioners' counsel asserted a peremptory challenge to the judge. Because it was filed on February 22, 1988, 13 days after the notice of status conference was mailed, the challenge was rejected as untimely.

Under the local rules, the plaintiff in an "existing case" (i.e., one filed prior to the implementation of the Trial Court Delay Reduction Act) is informed of the I/C judge assigned to the case in a "Notice of Status Conference" mailed by the Los Angeles County Clerk. The notice is sent only to the plaintiff, who must then serve a copy of the notice, "within 5 days of receipt," on all other parties to the action. In this case, the notice advising petitioners of the judge assigned to their case was mailed to petitioners' counsel on February 9, 1988, and received by counsel the next day. Prominently displayed on the notice was a statement that the Trial Court Delay Reduction Rules (Local Rules 1100 et seq.) were "fully applicable" to the case. Petitioners' counsel was aware of the 10-day period provided for in Local Rule 1104.1, but assumed that the period was extended 5 days under section 1013, subdivision (a).

The respondent court disagreed. In rejecting petitioners' peremptory challenge as untimely filed, the court relied upon *Augustyn* v. *Superior Court* (1986) 186 Cal.App.3d 1221, which is cited in Local Rule 1104.1. *Augustyn* held that the "master calendar rule" set forth in section 170.6, subdivision (2),[2] applied to all-purpose assignments similar to those made under the Trial Court Delay Reduction Rules. (186 Cal.App.3d at pp. 1226-1229.)

The reference to *Augustyn* in Local Rule 1104.1 puts the parties to an action on notice that a peremptory challenge to the assigned judge must be made at the earliest possible moment. Had petitioners' counsel been physically present in the master calendar department when the case was assigned, he would have had to challenge the assigned I/C judge at that time or lose his right to do so. The purpose of section 1013, subdivision (a) is to avoid penalizing the parties for delays in the mail. The drafters of Local Rule 1104.1, anticipating such delays, afforded the parties a generous 10

---

[2] That rule provides, "If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial."

days within which to file a challenge to the assigned I/C judge.[3] The parties are not entitled to an additional five days.

The petition for writ of mandate is denied and the alternative writ is discharged.

Ashby, Acting P. J., and Kennard, J., concurred.

---

[3] For a party other than the plaintiff, the 10-day period begins on the date the plaintiff mails a copy of the notice of status conference to that party.