[No. B036567. Second Dist., Div. Two. Nov. 23, 1988.]

BEVERLY UNION COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
9460 WILSHIRE BUILDING et al., Real Parties in Interest.

## COUNSEL

Robert J. Albrecht, Barry B. Langberg, Joseph M. Gabriel, Rochelle Reben and Hayes, Hume, Petas & Langberg for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

No appearance for Real Parties in Interest.

## OPINION

**ROTH, P. J.—** On January 1, 1988, the Superior Court of Los Angeles County began operation of its pilot project mandated by the Trial Court Delay Reduction Act of 1986 (Gov. Code, § 68600 et seq.), under local rules of court promulgated under authority conferred by statute. (Gov. Code, § 68612.) Petitioner's Code of Civil Procedure section 170.6 challenge to the pilot project judge was stricken as untimely under these local rules. Petitioner seeks a writ, contending it was unaware the action had been assigned to the pilot project because the trial court had not sent it notice of the assignment.[1]

Petitioner commenced the action in the superior court by filing a complaint on August 13, 1982. The action was docketed as No. C 421635. Defendants cross-complained against petitioner on December 17, 1982.

On or about October 15, 1987, the Superior Court of Los Angeles County published rules of court implementing the exemplary delay reduction program mandated by the act. The court also announced the assignment to this

---

[1] We summarily denied the petition on August 23, 1988. On October 13, 1988, the Supreme Court granted review and transferred the petition to us with directions to issue an alternative writ.

pilot project of all odd-numbered cases pending in the central district. Twenty-five judges were named as pilot project judges, with designated groups of cases assigned to each judge. Cases with docket numbers ending in 35 were designated for assignment to the Honorable Stephen M. Lachs, sitting in Department 33.

This assignment took effect on January 1, 1988. (Gov. Code, § 68609, subd. (a).) On July 14, 1988, petitioner filed a motion for an order specially setting the action for trial. Petitioner filed this motion in Department 1, rather than in Judge Lachs's department, in violation of pilot project rule 1106.1.5.[2] Petitioner set its motion for hearing on July 29. On July 27, petitioner's counsel learned for the first time that the motion would be heard in Department 33, not Department 1. On July 28, he examined a local newspaper to see which judge sits in Department 33. On July 29, a few minutes before the hearing on its motion for special trial setting, petitioner filed its section 170.6 peremptory challenge to Judge Lachs.

Judge Lachs struck the challenge as untimely, under the provisions of pilot project rule 1104.1: "A motion asserting a challenge to an I/C Judge under Code of Civil Procedure Section 170.6 must be made within 10 days after notice of the assignment of a case to such I/C Judge (see *Augustyn* v. *Superior Court* (1986) 186 CA3d 1221, 1226-1229 [231 Cal.Rptr. 298]).[3] With respect to Existing Cases, such notice will be deemed given by the earlier of the Notice of Status Conference . . . or the filing (as to the moving party) and service (as to all other parties) of any notice of motion or demurrer filed after the case has been assigned to an I/C Judge."[4]

No notice of status conference had yet been given, so petitioner's filing of its trial-setting motion on July 14 commenced the running of the final 10 days during which any party could file a timely section 170.6 challenge. July 24 being a Sunday, the deadline was thus July 25. Petitioner missed that deadline by four days.

Petitioner argues it filed its challenge less than 24 hours after it first had notice of the assignment of the case to Judge Lachs. It further asserts "It

---

[2] Rule 1106.1.5 provides, in pertinent part, "All motions . . . shall be filed and set for hearing . . . before the assigned I/C judge."

An I/C judge is a pilot project judge. "I/C" refers to "individual calendar." (Rule 1101.4.)

[3] *Augustyn* held an all-purposes assignment is equivalent to a master-calendar assignment for purposes of applying Code of Civil Procedure section 170.6, subdivision (2), which requires that a peremptory challenge be made immediately upon assignment from a master calendar. (Accord, *Woodman* v. *Superior Court* (1987) 196 Cal.App.3d 407, 416-421 [241 Cal.Rptr. 818]; see also *Swenson* v. *Superior Court* (1988) 202 Cal.App.3d 348 [248 Cal.Rptr. 340].)

[4] "Existing cases" are all pilot project cases filed in the central district before 1988. (Rule 1101.1.)

would not have been possible for [petitioner] to make its challenge any earlier."

The Legislature enacted the Trial Court Delay Reduction Act in response to the urgent public need to reduce litigation delays that have reached, in some counties, scandalous proportions. The Los Angeles Superior Court's pilot program is an important part of the implementation of the act, and its success depends in large measure on adherence to the pilot project rules. We cannot gainsay that these rules conflict with attorneys' consuetudinary practices. But it is the old ways, not the court rules, that must yield. The bar will need to cultivate new habits.

Here, petitioner's counsel does not say whether he was unaware of the local rules or, indeed, of the pilot project itself. He does tell us, "I noticed the motion for Department 1 because this case had previously been set for trial in Department 1, and it was not a 'fast track' case. . . . [¶] Neither I nor my firm have ever received any notice whatsoever from the court that Judge Lachs would be assigned this case. The only notice I have had came from reading the [newspaper] on July 28, 1988, the day before the hearing."

■■■ Counsel have a professional responsibility to be aware of duly adopted local court rules. (*Brekhus & Williams* v. *Parker-Rhodes* (1988) 198 Cal.App.3d 788, 791 [244 Cal.Rptr 48].) To sustain petitioner's position, we would have to declare rule 1104.1 subject to a special exemption for any litigant whose attorney, like petitioner's, declares he remained ignorant for several months that the superior court's pilot project encompassed all his odd-numbered central district cases, while leaving the rule in operation with respect to more diligent counsel. This we are unwilling to do. *Vigilantibus, et non dormientibus, jura subveniunt.*

The peremptory challenge was, therefore, properly stricken as untimely. The alternative writ is discharged, the temporary stay is vacated, and the petition for writ of mandate is denied.

Compton, J., and Fukuto, J., concurred.