Filed 3/20/13  Frazier v. Super. Ct. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRANDIE FRAZIER, | B246359 |
| Petitioner, | (Los Angeles County Super. Ct. No. BC494470) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| SHAWN MORADIAN et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Elizabeth A. White, Judge.
Petition granted.

Steven G. Wood for Petitioner Brandie Frazier.

Frederick Bennett for Respondent Superior Court of Los Angeles County.

Shawn Moradian and Sharon Moradian, in pro. per, for Real Parties in Interest.

———————————

Following a trustee's sale on October 31, 2011, defendants Shawn and Sharon Moradian (the Moradians) took title to the subject real property. Petitioner Brandie Frazier (Frazier) and Noreet Cohen, another tenant, had separate written leases on their rental units. After acquiring title to the property, the Moradians exercised a "self-help" remedy, removing personal property and evicting the tenants.

Frazier and Cohen filed separate forcible detainer actions. Cohen later assigned her action to Frazier.

The Moradians filed a notice of related actions. On November 28, 2012, the trial court's minute order stated a notice of related case has been received and Los Angeles Superior Court case No. BC494470 was forwarded to department 48 to rule on the notice of related cases.

On November 30, 2012, the court found that Los Angeles Superior Court case Nos. BC494470 and SC115006 are related and both cases were assigned to Judge Elizabeth Allen White. The minute order assigning the case to Judge White directed the in pro. per. defendants, the Moradians, to give notice. Frazier alleges that the Moradians did not give notice of the assignment.

On December 3, 2012, a notice of case management conference was mailed but it does not mention Judge White. Instead, the case management conference is set in department 28, which, according to the superior court notice of case assignment and the Daily Journal, was, at that time, the court room assigned to Judge Yvette M. Palazuelos.

On January 8, 2013, petitioner Frazier, in superior court case No. BC494470, filed a peremptory challenge to Judge Elizabeth Allen White. (Code Civ. Proc., § 170.6.)[1] Frazier's counsel asserted he never received written notice of the assignment of the cases to Judge White and did not learn of the assignment until December 3, 2012, when his law clerk checked the court's website.

---

[1]     Statutory references are to the Code of Civil Procedure.

2

On January 9, 2013, Judge White denied the challenge, stating that a notice of case management conference was mailed to Frazier on December 3, 2012. As previously mentioned, the notice of case assignment indicated the case was not assigned to Judge White but to Judge Palazuelos in department 28.

On January 15, 2013, Frazier, as the substituted plaintiff in the related case (Super. Ct. No. SC115006), filed a peremptory challenge to Judge White. On January 17, 2013, Judge White accepted the challenge and referred the case to department 1 for possible reassignment.[2]

Frazier sought review of the denial of the section 170.6 challenge in superior court case No. BC494470, alleging (1) she did not receive written or actual notice of the assignment; (2) Judge White violated sections 1019.5 and 664.5, subdivision (b) by delegating notice to pro. per. defendants, the Moradians; (3) the Moradians did not give notice; and (4) the ruling is inconsistent with the acceptance of the challenge in the related (but now dismissed) case.

Following our review of the record, this court, on January 30, 2013, notified the parties and the respondent court we were considering issuing a peremptory writ of mandate in the first instance (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241) directing the respondent court to vacate its order of January 9, 2012, denying a peremptory challenge (§ 170.6) to Judge Elizabeth A. White, and thereafter to comply with the procedure set forth in *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233.

We received a response from Fred Bennett, as court counsel, providing the information that this case and two cases filed by others may be related. All were transferred to department 1 for determination as to whether the three cases "should remain related and reassigned or unrelated." The supervising judge in department 1 has not acted on the matter "in part because of the stay" issued by this court.

---

[2] On January 22, 2013, superior court case No. SC115006 was dismissed without prejudice based on stipulation of the parties.

3

The letter from Mr. Bennett indicates that Judge White cannot act in any of the cases because she had accepted a peremptory challenge in one of the other potentially related cases. Mr. Bennett suggests lifting the stay so that the issue as to the related cases can be determined and, if the cases are found related, the peremptory challenge to Judge White will become moot. The potential future consideration as to whether certain cases are related is irrelevant to the question as to whether Frazier received reasonable and timely notice of the assignment of Judge White so as to file the peremptory challenge.

Frazier filed a reply to the letter from Mr. Bennett, reiterating the request in the petition that Judge White be directed to accept the peremptory challenge irrespective of the possibility other cases will be found related.

The record establishes that Frazier (1) did not receive written or actual notice of the assignment, and (2) Judge White violated sections 1019.5 and 664.5, subdivision (b) by delegating notice to the pro. per. defendant who did not give notice. Accordingly, the petition for writ of mandate is granted.

## DISCUSSION

Section 1019.5 provides: "(a) When a motion is granted or denied, unless the court otherwise orders, notice of the court's decision or order shall be given by the prevailing party to all other parties or their attorneys, in the manner provided in this chapter, unless notice is waived by all parties in open court and is entered in the minutes. [¶] (b) *When a motion is granted or denied on the court's own motion, notice of the court's order shall be given by the court* in the manner provided in this chapter, unless notice is waived by all parties in open court and is entered in the minutes." (Italics added.)

Section 1019.5 "encompasses every written order of the court not issued at the behest of a party." (*California Business Council v. Superior Court* (1997) 52 Cal.App.4th 1100, 1106 (*California Business Council*).)[3]

---

[3] *California Business Council, supra*, 52 Cal.App.4th at pages 1106-1107 concluded that former section 1013 and *Swenson v. Superior Court* (1988) 202 Cal.App.3d 348 are no longer applicable since the statutory scheme subsequently was amended.

4

Notice obviously was not waived by the parties as no appearances were made upon entry of the November 30, 2012 order, giving notice of the related cases. The order was issued sua sponte by the court outside the presence of counsel or parties. The clerk mailed notice only to pro. per. defendants, the Moradians, with directions that they should give notice. Frazier contends this was not notice reasonably calculated to inform interested parties and, in fact, the Moradians did not give notice.

Section 1003 provides that every direction of a court order made or entered in writing, and not included in a judgment, is denominated an order. "Thus, the issuance of a written order on the court's own motion constitutes the granting of a motion." (*California Business Council, supra,* 52 Cal.App.4th at p. 1106.) Section 170.6, subdivision (2) imposes a mandatory period within which to make a peremptory challenge to the assignment of a judge for all purposes. That period is commenced by notice of assignment. (*California Business Council*, at p. 1105.) The "notice" required by section 170.6 is the notice prescribed by the statute, that is, notice by service by mail. (*California Business Council*, at p. 1105.) Notice of the written order of the trial court as the judge assigned for all purposes is required to be served in the manner prescribed by statute. (*Id.* at pp. 1106-1107.)

The notice of Judge White's assignment was not in the manner mandated by statute. Neither Frazier nor her counsel was present; there was no waiver of the right to written notice. Judge White acted incorrectly by directing the pro. per. defendants, the Moradians (who were not present) to notify the other parties. They did not do so. Given the failure to properly give written notice, the peremptory challenge filed on January 8, 2013, was timely filed within the 10-day period specified by subdivision (d) of section 170.3.

The "notice" required by section 170.6 is the notice prescribed by the statute. (*California Business Council, supra,* 52 Cal.App.4th at pp. 1105-1107.) Notice of the written order of the trial court as the judge assigned for all purposes is required to be served in the manner prescribed by statute, that is, service by mail. (*Id.* at pp. 1106-1107.)

The December 3, 2012 notice of case management conference did not provide notice to petitioner that Judge White had been assigned as the all purpose judge. The notice of related cases entered on November 30, 2012, was not properly served in a manner reasonably calculated to give notice to all interested parties. (§§ 1003 & 1019.5.)

Section 170.6 is a remedial statute which must be liberally construed in favor of allowing a peremptory challenge. The challenge should be denied only if the statute absolutely prohibits it. (*Bravo v. Superior Court* (2009) 149 Cal.App.4th 1489, 1493.) A litigant has a statutory right to file a timely peremptory challenge in order to ensure confidence in the judicial system. The consideration of efficient handling of possibly related cases "do not trump a party's right to file a peremptory challenge . . . . '[J]udicial efficiency is not to be fostered at the expense of a litigant's rights under section 170.6 to peremptorily challenge a judge.' [Citation.]" (*Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1322.)

## *CONCLUSION*

Our review of the record discloses that (1) petitioner Frazier did not receive written or actual notice of the assignment; (2) Judge White violated sections 1019.5 and 664.5, subdivision (b) by delegating notice to the pro. per. defendants, the Moradians, who, in fact, did not give notice. Petitioner is entitled to acknowledgment of the timely filed peremptory challenge.

We therefore conclude Judge White must accept the peremptory challenge made pursuant to section 170.6, irrespective of the potential future ruling on related cases. Judge White may take no action in this case other than acceptance of the peremptory challenge made pursuant to section 170.6.

The petition for writ of mandate is granted.

6

### *DISPOSITION*

Let a peremptory writ of mandate issue directing the respondent court to accept the peremptory challenge filed by petitioner Brandie Frazier on January 8, 2013, and to take no further action in this case.  Each party shall bear its own cost.

The stay issued by this court on January 30, 2013 is lifted.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.

We concur:



CROSKEY, J.



KITCHING, J.


7