Filed 12/28/15  Salinas v. Superior Court CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NICOLE SALINAS et al.,<br><br>Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>Respondent;<br><br>FERNANDO GALVIS ORTIZ et al.,<br><br>Real Parties in Interest. | B267430<br><br>(Los Angeles County<br>Super. Ct. No. BC569227)<br><br><br>**ORDER MODIFYING OPINION<br>[CHANGE IN JUDGMENT]** |

It is ordered that the opinion filed herein on December 22, 2015, be modified in the following particular:

In the disposition on the last page, the allocation of costs were omitted.  Therefore, the last sentence of the disposition should be added to read:

Costs are award to plaintiffs Nicole Salinas and Shanel Salinas.

_____

TURNER, P. J.                    KRIEGLER, J.                    BAKER, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| NICOLE SALINAS et al., | B267430 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC569227) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| FERNANDO GALVIS ORTIZ et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Elizabeth R. Feffer, Judge.  Petition granted.

The Homampour Law Firm and Corey C. Arzoumanian; Esner, Chang & Boyer and Stuart B. Esner; The Torkzadeh Law Firm and Reza Torkzadeh, for Petitioners.

No appearance for Respondent.

No appearance for Real Parties in Interest.

_____

This petition for writ of mandate involves the timeliness of plaintiffs' peremptory challenge against the trial court under Code of Civil Procedure section 170.6.[1] We hold that plaintiffs' section 170.6 challenge to Judge Elizabeth R. Feffer in Department 39 of the Los Angeles County Superior Court was timely filed within the statutory period after notice of the all purpose assignment to Judge Feffer.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter involves a products liability case filed by plaintiffs Nicole Salinas and Shanel Salinas, by and through her Guardian ad Litem, Alisa Beasley, (plaintiffs) against defendants Nissan Motor Co., LTD, Nissan North America, Inc., Nissan Design America, Inc., and Nissan Technical Center North America, Inc. (Nissan). The case was originally assigned to Judge Elia Weinbach in Department 92 of the Los Angeles County Superior Court.

Judge Weinbach posted an unsigned tentative order on the court's website in advance of a scheduled August 21, 2015 hearing on a motion filed by Nissan. The record does not contain a printout of the tentative order as it was posted on the website. However, plaintiffs have submitted two emails containing the cut-and-pasted text of the tentative order. The first is an August 19, 2015 email from Nissan's counsel to plaintiffs' counsel. The email states: "Did you see this? Looks like you got your wish." It is followed by what appears to be the text of the tentative order. The second email is from plaintiffs' counsel to Judge Weinbach and his clerk, with copies to Nissan's counsel. This second email, dated August 20, 2015, requests clarification about whether the parties should appear for the scheduled hearing. This email is also followed by what appears to be a cut-and-pasted version of the tentative order.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

In both emails, the tentative order is titled: "[TENTATIVE] ORDER TRANSFERRING CASE TO IC COURT AND VACATING ALL FUTURE DATES CALENDARED IN PERSONAL INJURY HUB COURT (INCLUDING 8/21/15 HEARING DATE." The text of the tentative order reads: "At the direction of Department One, this court determines, sua sponte, that this matter[] is complicated based on either the number of pretrial hearings or the complexity of the issues presented. This case is transferred and reassigned to an IC court for all purposes and all future proceedings to Judge _____, Department _____, Central District. . . . The receiving court will notify counsel when to appear for a Case Management/Trial Setting Conference. Plaintiff is ordered to give notice."

Upon viewing the tentative order, counsel for both parties attempted to reach Judge Weinbach's clerk in Department 92 to ascertain whether they should appear at the August 21, 2015 hearing. Christopher Corcios, a legal assistant employed by plaintiffs' counsel, spoke with the clerk in Department 92 on August 20, 2015. The clerk informed him that the case had been transferred. Corcios testified that he "asked to which department and she said that there would be a minute order going out." She stated that Nissan had already submitted on the tentative. When Corcios told her that plaintiffs submitted as well, she said, "Okay. A minute order will be sent out." Corcios testified that Judge Weinbach's clerk did not tell him where the case was going or when a minute order would issue, only that a minute order would be "going out." He further testified that the clerk did not tell him that his office was to give notice.

On August 21, 2015, Judge Weinbach issued a minute order stating: "All submit on court's online tentative ruling without appearance. Tentative becomes order: [¶] Transferred to D39 (Elizabeth Feffer) in Mosk courts as 'complicated P.I.' case. [¶] Transfer order filed. [¶] Plaintiff to give notice." According to plaintiffs' counsel, his office did not receive the order, and therefore plaintiffs did not give notice of the transfer as directed by the order. Plaintiffs' counsel stated that he did not check for a copy of the final order or call the clerk after August 21, 2015, because he had been told a minute order would be going out.

3

On September 2, 2015, Judge Feffer issued a notice of case management conference and hearing to schedule motions. That notice states: "Your Case Management Conference has been scheduled for October 1, 2015 at 8:45 am in Dept. 39." The document indicates notice was sent to plaintiffs' counsel. However, plaintiffs' counsel states his office never received the notice, possibly because the mailing address had the incorrect zip code. The zip code on the notice is 90048, but plaintiffs' counsel's zip code is 91403.

According to declarations filed by plaintiffs' counsel, plaintiffs did not learn that the matter had been transferred to Judge Feffer in Department 39 until September 21, 2015, when they received Nissan's case management statement. The next day, on September 22, 2015, plaintiffs filed a peremptory challenge to Judge Feffer under section 170.6, explaining that they did not know of the assignment to Department 39 until September 21, 2015.

On September 24, 2015, Judge Feffer deemed the peremptory challenge untimely, stating: "Judge Weinbach's tentative ruling for the August 21, 2015 hearing was posted online prior to August 21, 2015. The tentative ruling contained language that the Court was vacating the pending motion and all dates calendared in the Personal Injury Court, and was transferring and reassigning the action to an Independent Calendar Court, specifically Judge Feffer in Department 39. [¶] The parties submitted on the tentative ruling, and the August 21, 2015 hearing did not go forward. Plaintiff was ordered to give notice. [¶] On August 21, 2015, the Court adopted the tentative ruling as the order of the Court and signed it. Therefore, plaintiffs had notice prior to the Court's August 21, 2015 transfer order that the Court ordered the action transferred and reassigned to Judge Feffer in Department 39 (an I/C Court)."

Plaintiffs filed an ex parte application for reconsideration, which was denied without argument on October 1, 2015. On October 9, 2015, plaintiffs timely filed a petition for writ of mandate and this court issued an alternative writ of mandate. In response to this court's alternative writ, the trial court held a hearing, questioned plaintiffs' counsel, and took testimony from counsel's legal assistant, Corcios. At the

4

hearing, Judge Feffer stated that upon receipt of the peremptory challenge, she spoke to Judge Weinbach and his clerk, who assured her that Judge Weinbach's tentative transfer order included Judge Feffer's name and department number.

According to Judge Feffer, Judge Weinbach's clerk has "no doubt in her mind that she knew that she told [Corcios] where [the case] was going; that's her standard practice. That's what she does in every case." The trial court's file does not contain a copy of the unsigned tentative order. However, it contains a copy of the signed order, indicating that Judge Weinbach crossed out the bracketed word "[TENTATIVE]." That signed order contains Judge Feffer's name and department. Based on that document and on what Judge Weinbach and his clerk told her, Judge Feffer concluded that the tentative order, as posted online, included her name and department.

Following the hearing on November 25, 2015, Judge Feffer issued a minute order stating: "The court is satisfied that the notice date of the reassignment of this action from Judge Elia Weinbach in Department 92 to Judge Elizabeth R. Feffer in Department 39 is August 21, 2015 at the latest. Both plaintiff and defendant submitted to Judge Weinbach's tentative ruling on August 20, 2015. That tentative required plaintiffs' counsel to give notice. Both Judge Weinbach's signed order and the minute order of August 21, 2015 [indicate] that this case is reassigned to Judge Feffer in Department 39. Plaintiffs' counsel provides no indication that he acted diligently to obtain the court's order so that he could give notice." Based on this determination, Judge Feffer elected not to comply with this court's alternative writ of mandate. We now grant the petition for writ of mandate.

## STANDARD OF REVIEW

An order denying a peremptory challenge filed under section 170.6 is not an appealable order and may be reviewed only by way of a petition for writ of mandate. (§ 170.3, subd. (d).) We review the order for abuse of discretion. (*Hemingway v. Superior Court* (2004) 122 Cal.App.4th 1148, 1153.) "[A] trial court abuses its discretion when it

5

erroneously denies as untimely a motion to disqualify a judge pursuant to section 170.6." (*Ibid.*; see *Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315 [same].)

## DISCUSSION

"'Section 170.6 permits a party to obtain the disqualification of a judge for prejudice, upon a sworn statement, without being required to establish it as a fact to the satisfaction of a judicial body.' (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 4.) Thus, '[w]here a disqualification motion is timely filed and in proper form, the trial court is bound to accept it without further inquiry.' (*Ibid.*) Disqualification is required 'even if the court suspects that the party has abused its right to utilize section 170.6.' (*La Seigneurie U.S. Holdings, Inc. v. Superior Court* (1994) 29 Cal.App.4th 1500, 1505.)" (*Zilog v. Superior Court*, *supra*, 86 Cal.App.4th at p. 1315.)

Where a peremptory challenge is "directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 15 days after the appearance." (§ 170.6, subd. (a)(2).) As used in this section, the word "notice" means "notice by the means specified in the chapter of which section 1013 is a part." (*California Business Council v. Superior Court* (1997) 52 Cal.App.4th 1100, 1105.) Where a court's notice of assignment to a judicial officer is deficient, the time for the filing of a peremptory challenge may run from the time a party receives actual notice of the assignment. (See *Cybermedia, Inc. v. Superior Court* (1999) 72 Cal.App.4th 910, 914.)

If the timeliness of a peremptory challenge involves disputed evidence, the trial court may hold a hearing and make factual determinations based on admissible evidence. (*Shipp v. Superior Court* (1992) 5 Cal.App.4th 147, 151, disapproved on other grounds by *People v. Superior Court* (*Lavi*) (1993) 4 Cal.4th 1164.) "Evidence adduced at the hearing may include the original record of the assignment of the case, the trial court's

6

policy regarding assignment of cases, evidence of assignment policy, and evidence of the circumstances surrounding the assignment of the specific cases." (*Shipp v. Superior Court*, *supra*, at p. 151.)

The only admissible evidence before Judge Feffer indicates the tentative order that was posted online did not include any information about the department or judge to whom the matter was being transferred. Emails sent by counsel for both parties on August 19, 2015 and August 20, 2015, include what appear to be the cut-and-pasted text of the tentative order. In both emails, the text of the tentative order is identical, and includes blank placeholders for the department and judge to whom the matter was being transferred. Mere knowledge that a matter will be transferred, without notice of the department or judicial officer to whom the matter is being transferred, is not sufficient to trigger the time to file a peremptory challenge. (See *People v. Superior Court* (*Lavi*), *supra*, 4 Cal.4th at p. 1180 [for case assignment to be an "all purpose assignment" for purposes of triggering a litigant's duty to file a disqualification motion, "the method of assigning cases must 'instantly pinpoint' the judge whom the parties can expect to ultimately preside at trial" and process the case "in its totality"].)

The trial court may judicially notice documents within the court's own file. (Evid. Code, § 451; *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882). However, the trial court file in this case apparently does not include a copy of the unsigned tentative order that was posted online by Judge Weinbach. In the absence of such documentation, the uncontroverted admissible evidence in the record is that the tentative order posted online did not indicate the matter was being transferred to Judge Feffer in Department 39. As such, it could not have triggered the 15-day time limit for plaintiffs to file a peremptory challenge under section 170.6. (See *People v. Superior Court* (*Lavi*), *supra*, 4 Cal.4th at p. 1180 [method of all purpose assignment must "instantly pinpoint" the judge to trigger time to file disqualification motion].)

There is also no admissible evidence that plaintiffs' counsel was orally informed by the court or its staff that the matter would be transferred to Judge Feffer in Department

7

39. Corcios testified under oath that Judge Weinbach's clerk did not tell him to which department the matter was being transferred, only that a minute order would issue. Any information to the contrary gleaned by Judge Feffer in out-of-court conversations with another judicial officer or clerical staff is not admissible evidence, as it is not in the form of sworn testimony, affidavit, or declaration (Evid. Code, § 710), nor is it properly the subject of judicial notice (Evid. Code, § 450 ["Judicial notice may not be taken of any matter unless authorized or required by law"]).

There is also no evidence that plaintiffs received notice of Judge Weinbach's final transfer order issued on August 21, 2015. The order itself directs plaintiffs to provide notice of the ruling, but fails to provide for notice to plaintiffs. Plaintiffs' counsel has submitted declarations stating they did not receive the order, and there is no admissible evidence in the record to contradict that statement. Assuredly, it would have been prudent for plaintiffs' counsel to check the court's docket for a copy of the final order after being advised that the order would be forthcoming. However, we are aware of no authority charging a party with notice of case assignment under these circumstances.

Approximately one month elapsed between the date the parties submitted on Judge Weinbach's tentative order and the date that plaintiffs' counsel learned of the reassignment to Judge Feffer. There are, on occasion, delays of this length in the superior court's issuance of orders after matters are taken under submission, as well as delays in mailing. Counsel's statement that he waited for a month without checking for a final order is not inherently unbelievable, given his understanding that a minute order would be mailed when the court finalized its decision.

In finding plaintiffs' peremptory challenge untimely, the trial court also noted that the court served a notice of a case management conference on September 2, 2015, indicating that the case management conference would be held in Department 39.[2]

---

[2] Plaintiffs state they did not receive this notice of case management conference, which contains the zip code 90048 when the zip code for plaintiffs' counsel's office is actually 91403. It is a party's obligation to provide the court with an accurate address of record. In this case, plaintiffs' own complaint indicates that counsel's zip code is 90048

8

Because this notice was served by mail, plaintiffs' 15-day time limit to file a challenge under section 170.6 was extended by five days, to September 22, 2015. (See § 1013, subd. (a); *California Business Council v. Superior Court*, *supra*, 52 Cal.App.4th at p. 1105.) Plaintiffs' peremptory challenge was, in fact, filed on September 22, 2015. It was therefore timely and the trial court's denial of the peremptory challenge was abuse of discretion. (See *Hemingway v. Superior Court*, *supra*, 122 Cal.App.4th at p. 1153; *Zilog v. Superior Court*, *supra*, 86 Cal.App.4th at p. 1315.)

### DISPOSITION

The petition for writ of mandate is granted. The trial court is directed to vacate its September 24, 2015 order denying the peremptory challenge and issue a new and different order granting the peremptory challenge pursuant to Code of Civil Procedure section 170.6.

KRIEGLER, J.

We concur:

TURNER, P. J.                          BAKER, J.

---

and there is no evidence of a notice of change of address on file. Notice provided to counsel's address of record is sufficient notice under section 1013. (See Cal. Rules of Court, rule 8.32(a) ["In any case pending before the court, the court will use the mailing address . . . that an attorney or unrepresented party provides on the first document filed in that case as the mailing address . . . of record unless the attorney or unrepresented party files a notice [of change of address]"].)

9