Filed 12/21/23  Neher v. Maloney CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| JEANINE NEHER, | C095194 |
| Plaintiff and Appellant, | (Super. Ct. No. 19CV02518) |
| v. | |
| MICHAEL MALONEY, | |
| Defendant and Respondent. | |

Appellant Jeanine Neher sued respondent Michael Maloney for libel based on his post on social media regarding a statement she made in a class she taught at a community college.  The trial court granted Maloney's motion for judgment on the pleadings.  Neher filed a motion to vacate the judgment, which the trial court denied.  Neher contends the trial judge erred in denying the motion, because Neher filed a peremptory challenge to

1

the judge under Code of Civil Procedure section 170.6[1] before he ruled on Maloney's motion for judgment on the pleadings, thus divesting the judge of jurisdiction to rule on that motion. However, Neher received notice that the judge was assigned for all purposes in January 2021, and she did not file a peremptory challenge until May 2021. A peremptory challenge of a judge assigned for all purposes, as here, must be filed within 15 days of notice of the assignment. (§ 170.6, subd. (a)(2).) Therefore, Neher's peremptory challenge was untimely. We will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 2019, Neher filed a complaint for libel (Civ. Code, § 45) against Maloney. Neher alleged that Maloney posted a statement on social media that she made in a class she taught at a community college. Neher alleged that Maloney quoted the statement out of context to falsely suggest that Neher indoctrinated students to be hostile to law enforcement. Neher alleged that as a result she suffered harm, including calls for her dismissal and an inquiry by the college.

On February 19, 2020, the judge assigned to the case recused herself under section 170.1, because she knew defendant from when they were neighbors. On March 3, 2020, the case was reassigned to a different judge.

On January 11, 2021, the clerk of the trial court sent notice to the parties that the case was assigned for all purposes to Judge Stephen E. Benson.

On February 23, 2021, Neher filed a case management statement, attaching a declaration seeking a continuance of the case management conference. Neher's declaration listed Judge Benson as the assigned judge.

On February 24, 2021, Maloney filed a motion for judgment on the pleadings, setting a hearing before Judge Benson on March 24, 2021.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

On March 19, 2021, Neher requested a continuance from Judge Benson of the hearing on Maloney's motion for judgment on the pleadings. On March 22, 2021, Neher made another request for a continuance. On March 22, 2021, Judge Benson signed an order continuing the case to April 14, 2021.

On April 12, 2021, Neher requested another continuance from Judge Benson. The same day, Judge Benson signed an order denying Neher's request.

On April 13, 2021, Neher filed a declaration stating, among other things, that she "did not realize until recently that I am sitting before Judge Benson." Neher argued that Judge Benson should recuse himself because a member of her family was involved in a prior case before him and Neher provided a declaration in that case and in a complaint to the Commission on Judicial Performance. Neher contended that Judge Benson's denial of her request for a continuance constituted retribution. On the same day, Neher filed another declaration focused on her request that Judge Benson recuse himself.

On April 14, 2021, Judge Benson continued the case for 60 days on the court's own motion.

On April 22, 2021, counsel for Judge Benson filed a verified answer to Neher's recusal declaration disputing her statements.

On May 24, 2021, a judge appointed by the Chief Justice of the California Supreme Court to rule on Neher's challenge to Judge Benson, issued an order denying the challenge.

On June 2, 2021, Neher filed an opposition to Maloney's motion for judgment on the pleadings, along with a request for judicial notice, compendium of exhibits, and supporting declaration. On June 11, 2021, Neher filed another declaration in opposition to the motion.

On June 15, 2021, Neher filed a declaration regarding the tentative ruling granting Maloney's motion for judgment on the pleadings with leave to amend.

On June 16, 2021, the trial court heard oral argument on the motion for judgment on the pleadings and adopted the tentative ruling, with the modification that the motion was granted without leave to amend. The trial court entered judgment for Maloney.

On August 13, 2021, Neher filed a motion to vacate the order on Maloney's motion for judgment on the pleadings. Neher argued that the order was void, because, inter alia, Neher filed a peremptory challenge to Judge Benson on May 24, 2021, which had been omitted from the trial court's docket.

On September 20, 2021, Neher filed another declaration stating that a number of documents she filed were missing from the trial court's docket, including her peremptory challenge. A copy of a document titled "MOTION FOR PEREMPTORY CHALLENGE" and Neher's supporting declaration, both file stamped by the trial court on May 24, 2021, were attached as exhibits to the declaration.

On September 28, 2021, the trial court denied Neher's motion to vacate. The trial court's order included the statement: "The Court notes receipt of the exhibit motion for peremptory challenge dated May 24, 2021. Plaintiff had already exhausted her [section] 170.6 challenge when the challenge was exercised to recuse" the judge initially assigned to the case.[2]

On November 4, 2021, Neher filed a notice of appeal stating that she appealed from a summary judgment order entered on June 16, 2021.[3]

---

[2] Only one peremptory challenge is allowed for each side. (*The Home Insurance Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1033; § 170.6, subd. (a)(4).)

[3] Under the rule that "[t]he notice of appeal must be liberally construed" (Cal. Rules of Court, rule 8.100(a)(2)), we construe the notice of appeal to include the trial court's September 28, 2021 order. (*Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 251 ["a notice of appeal is sufficient if 'it is reasonably clear what appellant was trying to appeal from, and where respondent could not possibly have been misled or prejudiced' "].) "An order denying a motion to vacate a void judgment is appealable." (*Paterra v. Hansen* (2021) 64 Cal.App.5th 507, 526.)

DISCUSSION

Neher contends the trial court erred in granting the motion for judgment on the pleadings on June 16, 2021, because she filed a peremptory challenge to disqualify Judge Benson on May 24, 2021. Neher asserts the trial court lost or removed her challenge, and Judge Benson did not acknowledge it until he issued the order denying the motion to vacate. In that order, Judge Benson stated that Neher exhausted her peremptory challenge when she challenged the initially assigned judge. However, that judge recused herself because of her acquaintance with Neher.

Maloney agrees that the judge initially assigned to the case properly recused herself. However, Maloney contends that, under section 170.6, subdivision (a)(2), a timely peremptory challenge to Judge Benson had to be received by the trial court by January 26, 2021. We agree, with the caveat that because the notice was mailed, the deadline was January 31, 2021.

A peremptory challenge, when duly presented, is effective immediately. (*Davcon, Inc. v. Roberts & Morgan* (2003) 110 Cal.App.4th 1355, 1359-1360.) Any judgment rendered after a timely motion to disqualify is void for lack of jurisdiction. (*Brown v. Swickard* (1985) 163 Cal.App.3d 820, 831.)

"Generally, Code of Civil Procedure section 170.6 may not be deployed to peremptorily challenge a trial judge absent adherence to strict time limits." (*Torres v. Superior Court of San Joaquin County* (2023) 94 Cal.App.5th 497, 502.) When a judge is assigned for all purposes in a civil case, as here, a peremptory challenge must be filed within 15 days after notice of the judge's assignment. (*People v. Superior Court* (*Reagan*) (2020) 54 Cal.App.5th 766, 772; § 170.6, subd. (a)(2) ["If directed to the trial of a civil cause that has been assigned to a judge for all purposes, the [peremptory challenge] shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment"].) Where a party has appeared in the action, the deadline for a peremptory challenge runs from the time actual notice is given

5

that the judge is assigned for all purposes.  (*Jones v. Superior Court* (2016) 246 Cal.App.4th 390, 403.)  Where notice is mailed, the time is extended by five days. (*California Business Council v. Superior Court* (1997) 52 Cal.App.4th 1100, 1102; § 1013, subd. (a).)

Here, on January 11, 2021, the clerk of the trial court mailed notice that Judge Benson was assigned for all purposes.  Accordingly, we calculated the deadline for Neher to challenge Judge Benson's assignment under section 170.6, subdivision (a)(2) to be 15 days from the date of the notice, plus five days for mailing, i.e., January 31, 2021. Neher's peremptory challenge was filed on May 24, 2021.  Accordingly, Neher's peremptory challenge was untimely and did not deprive Judge Benson of jurisdiction to rule on Maloney's motion for judgment on the pleadings.[4]

Neher reminds us that she is an in propria persona litigant (as is Maloney). However, "[a]s a propria persona litigant, [Neher] is entitled to the same but no greater consideration than other litigants."  (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)  "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the courts, and would be unfair to the other parties to litigation."  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

---

[4]     Based on our conclusion that Neher's peremptory challenge was untimely, we need not address Maloney's arguments that:  the trial court did not err in granting his motion for judgment on the pleadings; Neher's peremptory challenge was never filed; Judge Benson was properly assigned to this case; Neher's section 170.6 challenge was not in writing; and Neher's challenge to remove Judge Benson for cause was properly denied.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Duarte, Acting P. J.

_____\s\_____,
Renner, J.